**Clarence PUGH, Appellant,**

v.

**STATE OF NORTH CAROLINA,**
**Appellee.**

**No. 9357.**

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1964.

Decided Sept. 10, 1964.

Roland P. Sokol, Charlottesville, Va. (Court-assigned counsel), for appellant.

Theodore C. Brown, Jr., Asst. Atty. Gen. of North Carolina (T. W. Bruton, Atty. Gen. of North Carolina, on brief), for appellee.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and HEMP-HILL, District Judge.

PER CURIAM.

Now serving a life term under the sentence of a North Carolina court for first degree murder, Clarence Pugh petitioned the Federal District Court for the Eastern District of North Carolina for his release on the ground that his conviction was obtained in contravention of the due process clause of the Fourteenth Amendment. While several aspects of violation were alleged, the chief were, first, that an oral confession taken from him was unconstitutionally used in his trial because it had been obtained against his will, and, secondly, ineffective representation of him in the trial court. The District Judge upon review of the criminal proceedings without a hearing denied the petition and Pugh appeals.

Counsel, serving here under designation of this court, urges that the circumstances under which the confession was given render it involuntary as a matter of law and so not receivable in evidence. However, the record in the State and Federal courts does not permit us to pass definitively upon this argument. In the alternative, counsel asks that the petition be remanded to the District Court for hearing. This request, we think, is justified, because the proof before the District Court did not cover all the factors entering into the questions of the voluntariness of the confession and the adequacy of representation.

In response to the petition the State of North Carolina notes that neither the validity of the confession, nor the sufficiency of the legal counseling at trial, have ever been brought to the State court's attention. From the papers before us we are unable to confirm or reject this suggestion; apparently it was not pressed before the District Judge. Aside from the issue of voluntariness of the confession, attack now is also made—again evidently for the first time—upon the validity of the trial for failure of the Court, even though not requested by the accused, to inquire sua sponte into the voluntariness of the confession.

In the circumstances we will set aside the order dismissing the petition and remand it for hearing. The District Court can then ascertain whether the questions just mentioned relating to the voluntariness of the confession, the criminal court's treatment of this requisite element and the sufficiency of the representation were presented to the State court; and if not, whether they may now be tendered there in post-conviction procedures.

If the District Court finds these questions were presented, or they may not now be submitted, to the State court, the District Court should proceed to hear and rule on the entire petition, especially in the particulars noted. On the other hand, if the State court has not had this opportunity under the North Carolina law may now do so, the District Court should stay its hand after directing Pugh to take the necessary steps, within a specified period, to tender the issues to the North Carolina court, contemplating of course assistance in that effort by counsel appointed by the court there.

In the event Pugh should not so proceed within the time fixed, the District Judge may dismiss the petition. If the State court should not pass upon this supplementary application, then the District Judge shall hear the whole case made by the petition.

Reversed and remanded with directions.